IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cr-361

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>NYGERAH TIMMONS (2) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine triggered by the Fair Sentencing Act of 2010 (Doc. No. 62) and the government's response (Doc. No. 64).

The defendant was convicted of conspiracy to possess at least 5 grams of cocaine base with intent to distribute in Count One and possession of at least 5 grams of cocaine base with intent to distribute in Count Two. (Doc. No. 35: Verdict). At the sentencing hearing, the Court found the offense level to be 22 and the criminal history category to be III.[1] (Doc. No. 52: Statement of Reasons at 1). Although the resulting offense level was 60-63 months, USSG §5G1.1(b), the Court sentenced the defendant to 51 months' imprisonment on Counts One and Two, (Doc. No. 51: Judgment at 2).

In determining whether the defendant is entitled to a reduction under Amendment 750, the Court must calculate the guideline range as if the amendments had been in place at the time of sentencing prior to considerations of departure. USSG §1B1.10(b)(1); United States v. Lindsey, 556 F.3d 238, 244-45 (4th Cir. 2009). If a statutory mandatory minimum exceeds the guideline

---

[1] The Court calculated the sentence as if Amendment 715 were applicable to the defendant. (Doc. No. 52: Statement of Reasons at 1).

range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999).  No reduction in sentence is authorized under 18 U.S.C. § 3582(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

Here, the amended guidelines provide for a two-level reduction in offense level, but the resulting guideline range remains trumped by the 60-month mandatory minimum sentence prior to considerations of departure.  Accordingly, the defendant's guideline range has not been altered by the 2011 amendments; therefore, he is not entitled to a sentence reduction. USSG §1B1.10(a)(2)(B).

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. Nos. 62) is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge